PER CURIAM.
This appeal is by the defendant from an order revoking his probation, and subsequent entry of judgment and sentence for the crime, to his conviction of which the probation related.
Appellant argues the judgment and sentence should be vacated, and a new trial granted on the probation hearing, because of refusal of the trial judge to permit argument of counsel following the presentation of evidence on the hearing for revocation of probation, and because the revocation order was signed by a judge other than the judge before whom the hearing was held.
The contention of the appellant that he was denied the right of argument is not borne out by the record.
On the hearing for revocation of probation, after the presentation of evidence when the attorney for the defendant announced intention to present argument, the trial judge stated there would be no argument, and pronounced a holding of guilt *366 of the alleged violations of the probation. However, argument in fact was then made, covering eight pages in the record, and was heard by the court. At the conclusion thereof, without expressly so stating, the court adhered to its ruling, by terminating the proceeding without further comment thereon.
With regard to the point that a judge other than the one who heard the matter signed the order of revocation of probation, that irregularity did not operate to the prejudice of the defendant. That is so, because it did no more than to carry into effect the ruling which the trial judge who heard the matter had made and pronounced in open court. The consequent judgment and sentence were made by the judge who presided at the probation violation hearing. In this proceeding, the matters complained of by the appellant did not constitute reversible error. Washington v. State, Fla.App.1973, 284 So.2d 236, 237; Morrissey v. Brewer, 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484.
Affirmed.